MEMORANDUM *
Iveth Stephani Olmos Borja, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) dismissing her appeal from an immigration judge’s decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency’s factual findings, Hu v. Holder, 652 F.3d 1011, 1016 (9th Cir.2011), and we grant the petition.
An alien who qualifies as a refugee may be granted asylum. 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unable to return to her home country “because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion.” Ding v. Ashcroft, 387 F.3d 1131, 1136 (9th Cir.2004) (quoting 8 U.S.C. § 1101(a)(42)(A)). The agency denied Olmos Borja’s asylum application because it found that the treatment she received at the hands of the 18th Street Gang was not “on account of’ one of these protected grounds.
Olmos Borja claims that she suffered persecution on account of, among other things, her membership in the particular social group of her family. The BIA acknowledged that family membership could be “ties [that] provide a sufficient basis for granting” asylum or withholding of removal, but found that Olmos Borja was unable to “distinguish her situation from that of her other family members” who remained in El Salvador after she fled, specifically her mother and father. The BIA therefore concluded that the gang’s actions did not have a sufficient nexus with Olmos Borja’s membership in her family group.
The agency’s nexus determination is not supported by substantial evidence. Olmos Borja need not show that another family member was persecuted on account of a protected ground in order to establish her eligibility for asylum. Rather, she need only show that she herself was persecuted or had a well-founded fear of persecution because of her family membership. See, e.g., Kebede v. Ashcroft, 366 F.3d 808, 812 (9th Cir.2004) (holding that a petitioner was eligible for asylum where soldiers’ statements while attacking petitioner showed a link between their assault and her family’s authority and position in the previous government).
*519 Furthermore, unless there is evidence that the family was similarly situated or subject to similar risk, the continued presence of family members in the country of origin does not necessarily rebut an applicant’s claims. See Kumar v. Gonzales, 444 F.3d 1043, 1055 (9th Cir.2006) (finding it irrelevant that petitioner’s parents were not harmed after petitioner left India, where they were not “similarly situated”). Olmos Borja’s mother was not similarly situated to Olmos Borja, and her father died of natural causes in 2008, approximately 15 months after Olmos Borja left El Salvador.
The evidence compels a conclusion that Olmos Borja both suffered past persecution and has a well-founded fear of future persecution by the gang, and that her membership in a particular social group-a family who actively opposes the gang because its members killed Olmos Borja’s sister-was at least one central reason for the gang members’ actions. See Parussimova v. Mukasey, 555 F.3d 734, 740 (9th Cir.2009) (holding that, following the REAL ID Act’s amendments to the Immigration and Nationality Act, an asylum applicant must establish that a protected ground was or will be at least one central reason for her persecution).
Accordingly, we find Olmos Borja eligible for asylum. Because we find that Olmos Borja has established her eligibility for asylum, we need not reach her withholding of removal and CAT claims. We therefore grant the petition as to Olmos Borja’s asylum claim, and remand for the Attorney General to exercise his discretion to grant asylum.
Petition GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.